**THE GIESZL FIRM**
3200 N. CENTRAL AVE. SUITE 1500
PHOENIX, AZ 85012
T - 602-277-0772

Holly R. Gieszl, 013845
holly@gieszlfirm.com

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas O. Bastian, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Mikaila Hughes, John Doe 1-10, Jane Doe 1-10 | |
| Defendants. | |

## I.   INTRODUCTION

Thomas Bastian, ADCRR #144716 ("Mr. Bastian"), an inmate in the custody of the Arizona Department of Corrections, Rehabilitation and Reentry ("ADCRR"), brings this action under the Fourth Amendment for compensation for injuries resulting from Defendant Mikaila Hughes' violation of that Amendment through the creation of false evidence to cause Mr. Bastian's arrest without probable cause and a year's long prosecution during which time Mr. Bastian was unreasonably held in the Special Management Unit of the Maricopa County Fourth Avenue Jail. After a lengthy

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

evidentiary hearing in early 2019,. Bastian's criminal case was dismissed without prejudice.

## II. JURISDICTION AND VENUE

2. Plaintiff adopts by all reference all prior and subsequent paragraphs in the Complaint as if reproduced here verbatim.

3. Jurisdiction is proper in this Court under 28 U.S.C. 1331 as this is is a civil action arising under the Constitution.

4. Venue is proper in this Court as all of the parties are residents of Maricopa County, Arizona, and the events underlying this lawsuit occurred in Maricopa County.

## III. The Parties

5. Plaintiff adopts by all reference all prior and subsequent paragraphs in the Complaint as if reproduced here verbatim.

6. At all times relevant, Defendant Mikaila Hughes was an agent of the Federal Bureau of Investigation and acting under color of law afforded to her as an FBI agent. Defendant Hughes is now an "Ex-Agent" of the FBI after her termination in for engaging in an inappropriate relationship with a confidential informant.

## IV. FACTS APPLICABLE TO ALL COUNTS AND ALL DEFENDANTS

7. In 2015 through 2016, Ex-Agent Hughes worked independently and with the assistance of employees of the ADCRR to conduct a sham "investigation" of Mr,

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

Bastian, including creation and/or solicitation of false "facts" to establish "probable cause" that Mr. Bastian was engaged in alleged "terrorist" activities, including but not only a supposed plan to bomb Lewis Prison.

8. Mr. Bastian was arrested on a direct complaint in CR-2016-148530-001 on October 14, 2016. To establish probable cause to prosecute Mr. Bastian, Ex-Agent Hughes testified about her investigation to a Maricopa County Grand Jury, which indicted Mr. Bastian was indicted on October 18, 2016.

9. After his arrest on October 14, 2016, Mr. Bastian spent over 1,200 torturous days in pre-trial detention at the Maricopa County Fourth Avenue Jail's Special Management Unit ("SMU").

10. On April 8, 2019, Maricopa County Superior Court Judge Danielle Viola dismissed the cases against Mr. Bastian *with* prejudice after the State of Arizona filed a motion to dismiss.

11. Mr. Bastian subsequently was transferred out-of-state to the New Mexico Department of Corrections before returning to current custody in the ADCRR in 2021.

12. Eventually after his return to Arizona in early 2021, Mr. Bastian learned that one or more inmates had been coerced and otherwise induced by Ex-Agent Hughes to provide totally false information to assist Ex-Agent Hughes in establishing a case against Mr. Bastian.

13. Eventually, later in 2021, Mr. Bastian learned the identities of the inmates who acted as confidential informants and provided information to Ex-Agent Hughes.

14. Each of the inmates eventually acknowledged in affidavits that Ex-Agent Hughes used a range of illegal and cruel tactics, including but not only, coercion, threats, intimidation, promises, provision of special privileges to "persuade" these four inmates to provide fabricated information about Mr. Bastian.

15. In some instances, Ex-Agent Hughes knowingly preyed on mentally ill individuals who were unmedicated and/or acutely ill.

16. In many instances, Ms. Hughes provided the inmates with specific false information and forced the inmates under threat of sanctions or physical harm to recite those "facts" in recorded interviews for Ex-Agent Hughes to use as evidence against Mr. Bastian.

17. Many times, an inmate retracted information previously provided, only to be threatened with disciplinary sanctions, loss of privileges, other penalties, and even physical harm.

18. Mr. Bastian has no information or belief that any attorney in the Attorney General's Office who was involved in prosecuting the case against Mr. Bastian was aware of or participated in the fabrication or creation of any false evidence against Mr. Bastian. It appears that the state prosecutors were deceived and duped by the same

-4-

individuals who so cruelly created the false narrative and facts to create a "case" against Mr. Bastian.

### COUNT I
### Fourteenth Amendment – "Bivens Claim"

19. Plaintiff adopts by reference all prior and subsequent paragraphs in this complaint as if reproduced here verbatim.

20. Plaintiff had a right under the Fourteenth Amendment to the United States Constitution not to be subjected to a seizure and criminal prosecution on the basis of false evidence created by Ex-Agent Hughes while acting under color of law.

21. As set forth above, Ex-Agent Hughes knowingly solicited false statements to the FBI in order to get Mr. Bastian charged in CR2016-148530.

22. As set forth above, Ex-Agent Hughes proceeded to testify to the Maricopa County Grand Jury based on the false evidence that she had created and caused the indictment to issue based on the false evidence that she created and presented, all the while knowing that there was no probable to have caused the arrest or to pursue prosecution of Mr. Bastian.

### III.   INJURIES AND DAMAGES

23. Mr. Bastian is disabled and suffers from mental illness. Throughout his prison confinement, Mr. Bastian has suffered neurological problems, sleeplessness, headaches, extreme anxiety, back and neck pain, and anxiety.

24. All of these pre-existing physical problems and mental health symptoms worsened as he faced mammoth "terrorism" charges and was confined to a jail cell in the Special Management Unit (SMU) for two and one-half years.

25. In SMU, he was deprived of all outdoor activity and meaningful recreation and was confined inside 24 hours per day, seven days per week in a cell measuring about 6x10'.

26. The months of preparation and dozens of hearings were extremely grueling and stressful for Mr. Bastian. His mental and physical well-being deteriorated, his anxiety, sleeplessness, and headaches worsened. He had waves of nausea and vomiting.

27. Most egregiously, Mr. Bastian was sent to and held MCSO for no legitimate reason at all, based solely on false "facts" and tall tales concocted and fabricated by ADCRR employees and a disgraced FBI Agent.

28. The Defendants made Thomas's Bastian's life a living hell. He deserves compensation for each day that he needlessly sat in jail and for all of the mental and physical pain and suffering that he endured due to the charges against him and the injuries in violation of his constitutional rights and privileges.

### IV.   PRAYER FOR RELIEF

Based on the foregoing, Mr. Bastian respectfully asks this Court for an award of damages in amounts to be determined by the jury as follows:

a. For compensatory and punitive damages in an amount to be determined by the jury as to each Defendants conduct; and under the theory of respondent superior;

b. For his attorneys' fees and costs in this action and in his criminal case;

c. For the payment of reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988 in this action;

d. For all other further relief as this court deems just and proper.

Respectfully submitted this 26th day of January 2023.

/s/Holly R. Gieszl
THE GIESZL FIRM
3200 N. Central Ave. Suite 1500
Phoenix, AZ 85012
Counsel for Plaintiff